UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14227-CIV-CANNON
(CASE NO. 22-14044-CR-CANNON)

**THADDIUS D. JOHNSON**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER DISMISSING AND DENYING 28 U.S.C. § 2255 MOTION TO VACATE

**THIS CAUSE** is before the Court upon Movant's Motion to Vacate Sentence under 28 U.S.C. § 2255 ("Motion" or "Motion to Vacate") [CV ECF No. 1].[1] The Court issued an Order to Show Cause [CV ECF No. 3], to which the Government filed a Response [CV ECF No. 6]. Following complete review, the Motion [CV ECF No. 1] is **DISMISSED** as procedurally defaulted and **DENIED** on the merits.

## BACKGROUND

On August 4, 2022, a grand jury in the Southern District of Florida returned a one-count Indictment charging Movant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [CR ECF No. 1]. On December 8, 2022, Movant pled guilty to the sole charge pursuant to a written factual proffer and plea agreement [CR ECF Nos. 28–30].

---

[1] Docket entries in the instant civil 28 U.S.C. § 2255 docket will be denoted with the prefix CV ECF, while docket entries in Movant's underlying criminal case (Case No. 22-14044-CR-CANNON) will be denoted with the prefix CR ECF.

Following Movant's conviction, the United States Probation Office prepared a Draft Presentence Investigation Report ("PSI") [CR ECF No. 33].  The Draft PSI recommended a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because Movant "committed any part of the instant offense subsequent to sustaining one felony conviction of a crime of violence, specifically resisting with violence" [CR ECF No. 33 ¶ 33].  The Draft PSI also recommended a two-level increase for using a stolen firearm; a two-level increase for obstructive conduct (linked to jail calls in which Defendant instructed another to falsely claim the firearm involved in the offense); and a three-level decrease for timely acceptance of responsibility [CR ECF No. 33 ¶¶ 9, 12, 15, 18]—yielding an adjusted offense level of 21 and an advisory guideline range of 77 to 97 months' imprisonment (based on a criminal history category of VI) [CR ECF No. 33 ¶¶ 20, 62].  Movant filed objections to the Draft PSI in which he argued that (1) his prior Florida conviction for resisting with violence did not qualify as a prior crime of violence under U.S.S.G. § 4B1.2(a)(1) following *Borden v. United States*, 141 S. Ct. 1817 (2021); (2) there was insufficient reliable evidence in support of the stolen-firearm enhancement; and (3) the jail calls on which the obstruction of justice enhancement were based did not constitute obstruction [CR ECF No. 35 pp. 1–4].  The Government filed a Response addressing each of Defendant's objections and affirming the calculations in the Draft PSI [CR ECF No. 36; CR ECF No. 36-1].  And then U.S. Probation issued a Final PSI and Addendum addressing but disagreeing with Defendant's objections [CR ECF No. 37].

Sentencing took place on February 16, 2023 [CR ECF No. 52].  During the hearing, the Court heard argument and evidence on the unresolved defense objections to the PSI.  Following the parties' presentation, the Court overruled Defendant's objection to his prior crime of violence under U.S.S.G. § 4B1.2(a)(1) (Florida resisting with violence); overruled Defendant's objection to application of the obstruction of justice enhancement; sustained Defendant's challenge to the

stolen-firearm enhancement; recalculated the advisory guideline range at 63 to 78 months' imprisonment (Total Offense Level 19 / Criminal History Category VI); and otherwise adopted the Final PSI [CR ECF No. 52 pp. 7–8, 34–36]. The Government then requested a mid-range sentence of 72 months' imprisonment, noting Defendant's long criminal history, prior convictions for gun possession, obstructive conduct, and the need for deterrence and respect for the law, among other arguments [CR ECF No. 52 pp. 37–40]. Movant's counsel responded, seeking a sentence at the low end of the guideline range [CR ECF No. 52 p. 43]. The Court heard the parties' arguments and determined in its discretion that an upward variance from the advisory guideline range to 96 months' imprisonment was reasonable to satisfy the 18 U.S.C. § 3553(a) factors given Defendant's extensive criminal history, his dangerous conduct, and the need for deterrence [CR ECF No. 52 pp. 44–45]. The Court also imposed a three-year term of supervised release and made clear on the record that it would impose the same sentence regardless of the advisory guideline calculation [CR ECF No. 52 pp. 44–45]. Judgment was entered thereafter [ECF No. 57].

Movant unsuccessfully appealed his sentence to the Eleventh Circuit [CR ECF No. 45]. Movant argued that this Court procedurally erred by failing to explain why it rejected the Government's guideline-range recommendation. The Eleventh Circuit disagreed, finding no procedural error [CR ECF No. 64 (Mandate and Decision)].

On July 22, 2024, Movant filed the instant Motion to Vacate [CV ECF No. 1]. Movant argues that his prior Florida conviction for resisting with violence does not qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(1) [CV ECF No. 1 pp. 5–6]. Movant requests that he be resentenced under what he describes as the "original guideline" of 36 to 47 months' imprisonment [CV ECF No. 1 p. 7]. On August 30, 2024, the Government filed its Response [CV ECF No. 6]. The Government concedes that the Motion is timely [CV ECF No. 6 pp. 6–7] but argues that

Movant's guideline challenge is not cognizable under Section 2255 and is procedurally barred [CV ECF No. 6 pp. 7–8].

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court that imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982). In view of the scope of Section 2255 to address fundamental defects resulting in a miscarriage of justice, the Eleventh Circuit has held that a standalone challenge to an advisory guideline calculation, where the sentence does not exceed the statutorily prescribed authorized sentence, is not cognizable on collateral review because the guidelines are advisory. *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) (en banc).

Furthermore, "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn*, 365 F.3d at 1232. "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *Lynn*, 365

F.3d at 1234–35. And to show prejudice, the defendant must show factual innocence, not "mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## DISCUSSION

The sole claim in Movant's Motion to Vacate is a challenge to what Movant perceives as an advisory guideline calculation error in the classification of his prior Florida conviction for resisting with violence as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) [CV ECF No. 1]. Under the binding authority of *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc), the Court has no power on collateral review to consider this garden variety advisory guideline dispute. *Id.* at 1140. Movant's sentence is below the 10-year statutory maximum for the offense to which he pled guilty. *See* 18 U.S.C. § 942(a)(2). The Motion contains no argument or authority sufficient to support a conclusion that Movant is actually innocent or that his prior conviction has been vacated. Therefore, Movant has not raised a cognizable claim under Section 2255. Further, as Respondent correctly observes, Movant could have raised this available argument on direct appeal but did not do so and thus is procedurally barred from bringing it in a motion under Section 2255. *See Lynn*, 365 F.3d at 1232.

Accordingly, Movant's claim is **DISMISSED** as procedurally defaulted and **DENIED** on the merits.

## CERTIFICATE OF APPEALABILITY

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court has rejected a movant's claims on a procedural basis, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists would not find the assessment of the claims debatable or wrong, nor would they find it debatable whether the Court is correct in its procedural ruling. Accordingly, a Certificate of Appealability is **DENIED**.

## CONCLUSION

Considering the foregoing, it is hereby **ORDERED AND ADJUDGED:**

1. Movant's Motion to Vacate [CV ECF No. 1] is **DENIED**.

2. No Certificate of Appealability shall issue.

3. Final Judgment will issue in a separate order.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 18th day of December 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

**Thaddius D. Johnson,** *pro se*
W35086
Walton Correctional Institution
Inmate Mail/Parcels
691 Institution Road
De Funiak Springs, Florida 32433